1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   KAREN L. ZOPATTI,                          CASE NO. 10CV1091 DMS (WVG)

12                          Plaintiff,          **ORDER (1) GRANTING IN PART
                                                AND DENYING IN PART
13        vs.                                   DEFENDANT CHOTINER'S
                                                SPECIAL MOTION TO STRIKE,
14                                              (2) GRANTING IN PART AND
                                                DENYING IN PART DEFENDANT
15                                              CHOTINER'S MOTION TO
                                                DISMISS AND/OR STRIKE, AND
16   RANCHO DORADO HOMEOWNERS                   (3) DENYING PLAINTIFF'S
     ASSOCATION, et al.,                        MOTION TO STRIKE
17                          Defendants.

18

19

20        Pending before this Court are (1) Defendant Chotiner's special motion to strike the breach of

21   contract and invasion of privacy claims in the First Amended Complaint ("FAC"), (2) Defendant

22   Chotiner's motion to dismiss and/or strike portions of Plaintiff's FAC, and (3) Plaintiff's motion to

23   strike portions of Defendants' answer and counterclaim.  For the following reasons, Defendant

24   Chotiner's special motion to strike is granted in part and denied in part, Defendant Chotiner's motion

25   to dismiss and/or strike is granted in part and denied in part, and Plaintiff's motion to strike is denied.

26                                        **I.**

27                                   **BACKGROUND**

28        Plaintiff and her husband purchased a home in the Rancho Dorado community in San Marcos,

California in May 2001, where they have resided with their minor children since. (FAC ¶ 14.) Plaintiff alleges she suffers from various medical conditions, including Multiple Chemical Sensitivities, Mixed Connective Tissue Disease, Vasculitis, Polymyositis, Scleroderma, Lupus, Rheumatoid Arthritis, Thyroid Disease, and Asthma. (*Id.* at ¶ 15.) Plaintiff further alleges her medical conditions cause her immune system to react to exposure to various environmental chemicals or pesticides, insecticides, fungicides, fertilizers, and herbicides, making such materials dangerous to her health and potentially life threatening. (*Id.* at ¶¶ 15, 17.) Plaintiff has informed Defendants Rancho Dorado Homeowners Association and The Prescott Companies (collectively, the "HOA Defendants") of her special sensitivity to such materials and requested certain accommodations. (*Id.* at ¶ 18.) Despite this, Plaintiff alleges the HOA Defendants caused such materials to be applied to the common area around Plaintiff's property in 2008 and 2009, causing her bodily injury, damages, and severe emotional distress. (*Id.* at ¶¶ 19-20, 27-33, 36-38.)

Defendant Chotiner filed a special motion to strike the fifteenth and sixteenth claims for relief in Plaintiff's original Complaint pursuant to California Code of Civil Procedure § 425.16 on July 12, 2010 ("anti-SLAPP motion"). (Doc. 6.) On August 6, 2010, Plaintiff filed the FAC. (Doc. 18.) On August 12, 2010, the Court issued an Order construing Defendant Chotiner's anti-SLAPP motion as a motion to strike the breach of contract and violation of privacy claims from the FAC. (Doc. 22.) Defendent Chotiner subsequently filed a motion to dismiss and/or strike portions of the FAC. (Doc. 24.) The HOA Defendants filed an answer to the original Complaint and a counterclaim on July 23, 2010. (Docs. 11-12.) On August 12, 2010, Plaintiff filed a motion to strike portions of Defendants' answer and counterclaim. (Doc. 23.) An opposition and a reply were filed to each of the three motions. On September 13, 2010, the HOA Defendants filed an answer to the FAC. (Doc. 35.)

## II.

## DISCUSSION

### A.   Defendant Chotiner's Anti-SLAPP Motion

#### 1.   Legal Standard

Under California's anti-SLAPP statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States

Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. P. § 425.16(b)(1). An "act in furtherance of a person's right of petition or free speech" includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; or (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *Id.* at § 425.16(e).

The anti-SLAPP movant must first make a threshold showing that the claim for relief being challenged arises from protected activity under the anti-SLAPP statute. *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 (9th Cir. 1999); *Rusheen v. Cohen*, 37 Cal.4th 1048, 1055-56 (2006). If the court determines that such a showing has been made, it then looks to whether the party opposing the motion has demonstrated a reasonable probability of prevailing on the claim. *Newsham*, 190 F.3d at 971. If the movant prevails on a special motion to strike, she or he is "entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. § 425.16(c)(1). Additionally, if the Court "finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." *Id.*

**2.    Discussion**

Defendant Chotiner is an attorney with the firm of Epsten, Grinnell & Howell, APC, which represented the HOA Defendants in connection with Plaintiff's requests for accommodation and proceedings before the Department of Fair Employment and Housing ("DFEH"). Plaintiff's claims for breach of contract and violation of privacy against Defendant Chotiner primarily stem from the Agreement to Mediate and Confidentiality Form ("Confidentiality Agreement") that was entered into by Plaintiff and certain Defendants, including Defendant Chotiner, in connection with proceedings before the DFEH and a subsequent response filed by Chotiner in reply to Plaintiff's second complaint

1  filed with the DFEH.  Plaintiff alleges Chotiner breached the Confidentiality Agreement by providing

2  certain information from the mediation held in connection with Plaintiff's first DFEH complaint in

3  her response to Plaintiff's second DFEH complaint.  (FAC ¶ 143.)  Plaintiff further claims Chotiner's

4  disclosure of information in her response to the second DFEH complaint, as well as her alleged

5  disclosure of Plaintiff's medical information to certain individuals, constituted an invasion of her

6  privacy.  (*Id.* at ¶¶ 146-49.)  Defendant Chotiner filed a special motion to strike the breach of contract

7  and invasion of privacy claims pursuant to California's anti-SLAPP statute.  Cal. Code Civ. P. §

8  425.16.  Chotiner argues Plaintiff's claims for breach of contract and invasion of privacy as to her

9  constitute "cause[s] of action against a person arising from any act of that person in furtherance of the

10  person's right of petition or free speech" as they were based on written statements made before a quasi-

11  judicial or other official proceeding authorized by law and were made in connection with an issue

12  under consideration in that proceeding.  *Id.* at § 425.16(b)(1), (e)(1)-(2).

13      The Court will address Plaintiff's claim for breach of contract first.  The DFEH is a state

14  agency with the authority to investigate and conciliate complaints alleging discrimination in

15  employment and housing and to issue and prosecute accusations.  Cal. Gov. Code § 12930.  A person

16  claiming to have suffered housing discrimination may file a complaint with the DFEH, which the

17  DFEH must investigate and, if valid, attempt to resolve.  *Id.* at §§ 12980(a), 12963, 12963.7.  If the

18  DFEH fails to resolve the matter, it may issue an accusation to be heard administratively by the Fair

19  Employment and Housing Commission, or either of the parties may choose to have the claims

20  adjudicated in a civil action. *Id.* at §§ 12965(a), 12969, 12981, 12989.  A proceeding before the DFEH

21  therefore qualifies as a "proceeding authorized by law" under the anti-SLAPP statute.  Cal. Code Civ.

22  P. § 425.16(e).  The statements forming the basis of Plaintiff's claim for breach of contract were made

23  by Defendant Chotiner in her response to Plaintiff's second complaint filed with the DFEH.

24  Accordingly, Chotiner has made a *prima facie* showing that the statements forming the basis for

25  Plaintiff's claim constitute protected activity under the anti-SLAPP statute and that Plaintiff's claim

26  against Chotiner for breach of contract arises from such protected activity.  The Court therefore looks

27  to whether Plaintiff has established there is a probability she will prevail on this claim.

28      "In order to establish a probability of prevailing for purposes of section 425.16,

- 4 -                                    10cv1091

subdivision(b)(1), the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 969 (2010)(citations and quotations omitted).  With respect to her breach of contract claim against Defendant Chotiner, Plaintiff has sufficiently demonstrated her claim possesses the minimal merit necessary to survive an anti-SLAPP motion.  To establish a claim for breach of contract, a plaintiff must establish the existence of a contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and damages as a result of the breach.  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).  In her opposition to Defendant Chotiner's anti-SLAPP motion, Plaintiff cites to the Confidentiality Agreement and statements made by Defendant Chotiner in her response to the second DFEH complaint, which were allegedly in breach of the Confidentiality Agreement.  In her response to the second DFEH complaint, Defendant Chotiner specifically referred to terms of settlement that were discussed, although not ultimately agreed upon, in the context of the DFEH mediation. (Defendant Chotiner's Compendium of Exhibits in Support of Special Motion to Strike, Ex. P at 4:9-13.)[1]  These documents, submitted to the Court by Defendant Chotiner in support of her anti-SLAPP motion and cited to by Plaintiff in her opposition to that motion, are sufficient to support a finding that Plaintiff has demonstrated a reasonable probability of prevailing on her claim for breach of contract. Furthermore, the Court finds that the policies behind the litigation privilege codified at California Civil Code § 47(b) would not be furthered by application of the privilege to this breach of contract claim. *Wentland v. Wass*, 126 Cal. App. 4th 1484, 1494 (2005); *see also Paul v. Friedman*, 95 Cal. App. 4th 853, 869 (2002).  Accordingly, the Court denies Defendant Chotiner's anti-SLAPP motion as to Plaintiff's breach of contract claim.

---

[1]    Because Plaintiff referred to Defendant Chotiner's response to the second DFEH complaint in her FAC, the Court may consider it here.  In opposition to Defendant Chotiner's anti-SLAPP motion, Plaintiff filed a motion to strike certain materials submitted to this Court by Defendant Chotiner pursuant to Federal Rule of Civil Procedure 12(f).  Although it is not entirely clear exactly what Plaintiff moves to strike, the Court interprets the motion to pertain to Exhibit P to Defendant Chotiner's Compendium of Exhibits in Support of her Special Motion to Strike at 4:11-13 and 6:7-16. Exhibit P submitted by Defendant Chotiner is Defendants' response to the second DFEH complaint, which Plaintiff refers to in the instant FAC and alleges is largely the basis for the breach of contract and violation of privacy claims against Defendant Chotiner.  (FAC ¶¶ 143, 147.)  Accordingly, Plaintiff's motion to strike materials submitted by Defendant Chotiner is denied.

As to Plaintiff's claim for invasion of privacy, "[t]he party claiming a violation of the constitutional right to privacy established in article I, section 1 of the California Constitution must establish (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) a serious invasion of the privacy interest." *Int'l Fed'n of Prof'l & Technical Eng'rs, Local 21, AFL-CIO v. Superior Court*, 42 Cal.4th 319, 338 (2007). Plaintiff's claim for invasion of privacy against Defendant Chotiner appears to be based on two sets of allegations: that Chotiner revealed confidential mediation communications in her response to the second DFEH complaint and that Chotiner improperly revealed Plaintiff's medical information to certain individuals. (FAC ¶¶ 25, 146-49.) However, as the allegations regarding Defendant Chotiner's statements in the second DFEH complaint, which constitute protected activity under the anti-SLAPP statute for the reasons stated above, form the gravamen of Plaintiff's claim for invasion of privacy and are not merely incidental to Plaintiff's allegations regarding Defendant Chotiner's revelation of Plaintiff's medical information, the anti-SLAPP statute applies to Plaintiff's entire invasion of privacy claim. *See Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006)("Anti-SLAPP Motions challenge particular causes of action, rather than individual allegations or theories supporting a cause of action."); *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 672 (2005); *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 187-88 (2003).

As discussed above, Defendant Chotiner has made the necessary threshold showing that Plaintiff's invasion of privacy claim based upon the statements made by Defendant Chotiner in her response to the second DFEH complaint arises from protected activity under the anti-SLAPP statute. Accordingly, the Court looks to whether Plaintiff has demonstrated a reasonable probability of prevailing on the claim. In contrast to the breach of contract claim, courts have routinely held that the litigation privilege applies to all torts claims except for malicious prosecution, including invasion of privacy claims. *See Jacob B. v. County of Shasta*, 40 Cal.4th 948, 960 (2007); *Kimmel v. Goland*, 51 Cal.3d 202, 209 (1990). The litigation privilege extends to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."

1     *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990). As the statements Plaintiff alleges give rise to her

2     claim for invasion of privacy against Defendant Chotiner were made in a quasi-judicial proceeding by

3     a litigant, were intended to achieve the objects of the litigation, and had a relation to the action, the

4     litigation privilege applies and shields Defendant Chotiner from liability for invasion of privacy based

5     upon the statements made by Defendant Chotiner. Accordingly, Defendant Chotiner's anti-SLAPP

6     motion is granted as to Plaintiff's invasion of privacy claim.

7          Both Plaintiff and Defendant Chotiner request attorneys' fees in connection with the anti-

8     SLAPP motion. Because Defendant Chotiner's anti-SLAPP motion is granted as to Plaintiff's

9     invasion of privacy claim, the statute provides that she is entitled to costs and attorneys' fees incurred

10    with respect to the portion of the anti-SLAPP motion upon which she prevails. Cal. Code Civ. P. §

11    425.16(c)(1). The Court does not find that Defendant Chotiner's anti-SLAPP motion was frivolous

12    or intended to cause unnecessary delay. *Id.* Therefore, Plaintiff is not awarded costs or attorneys' fees

13    in connection with the anti-SLAPP motion.

14    **B.**      **Defendant Chotiner's Motion to Dismiss and/or Strike Portions of the FAC**

15         **1.**      **Legal Standard**

16         A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim

17    upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require a pleading to

18    include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

19    R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of

20    review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, ___ U.S.

21    ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion

22    to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as

23    true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting

24    *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

25    that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

26    alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible

27    claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its

28    judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d

Cir. 2007)).  The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.

### 2.   Discussion

Defendant Chotiner is named as a Defendant in seven claims for relief in the FAC: declaratory relief, negligence, harassment, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and invasion of privacy.  Defendant Chotiner moves to dismiss each of these claims.

Plaintiff's seventh claim is for declaratory relief against all Defendants.  Plaintiff alleges the Confidentiality Agreement entered into in connection with the mediation of the first DFEH complaint constitutes a valid contract based upon consideration. (FAC ¶ 139.) Plaintiff further alleges Defendant Chotiner breached the Confidentiality Agreement by revealing certain information in her response to the second DFEH complaint.  (*Id.* at ¶ 143.)  Defendant Chotiner moves to dismiss this claim on the basis that Plaintiff has failed to state a claim for declaratory relief as to her.  Although Plaintiff argues in her opposition that the allegations contained in the FAC are sufficient to state a claim for declaratory relief, the Court disagrees.  Plaintiff has failed to allege sufficient facts demonstrating the existence of an actual controversy between her and Defendant Chotiner warranting declaratory relief.  Accordingly, Plaintiff's claim for declaratory relief as to Defendant Chotiner is dismissed without prejudice.

Plaintiff's ninth claim is for negligence against all Defendants.  To state a claim for negligence under California law, a party must show (1) a legal duty to exercise due care, (2) a breach of that duty, and (3) that the breach was the proximate or legal cause of the resulting injury.  *S. Cal. Hous. Rights Ctr. v. Los Feliz Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005).  Defendant Chotiner argues Plaintiff has failed to sufficiently plead the existence of a duty owed by her, as attorney for Plaintiff's adversaries, to Plaintiff and therefore fails to state a plausible claim for negligence.  Generally, an attorney does not owe a duty of care to a nonclient or to the adverse party.  *See Mattco Forge, Inc. v. Arthur Young & Co.*, 38 Cal. App. 4th 1337, 1356 (1995); *Mason v. Levy & Van Bourg*, 777 Cal. App. 3d 60, 67-68 (1978).  Plaintiff argues in opposition that an attorney may

owe a duty to a third person if that person was intended to be benefitted by the attorney's performance, and that, in assuming the role of "disability coordinator", Defendant Chotiner intended to benefit Plaintiff and therefore owed her a duty of care. *See Roberts v. Ball, Hunt, Hart, Brown & Baerwitz*, 57 Cal. App. 3d 104, 110 (1976). However, Plaintiff does not allege sufficient facts to demonstrate Defendant Chotiner undertook to perform services for her benefit, how Chotiner assumed the role of "disability coordinator", or what duty was owed to Defendant as a result of such role. Accordingly, Plaintiff's claim for negligence as to Defendant Chotiner is dismissed without prejudice.

Plaintiff also states a claim for negligent infliction of emotional distress against all Defendants. Negligent infliction of emotional distress is not itself an independent tort, but is rather the tort of negligence. There is no duty under California law to avoid negligently causing emotional distress to another and a claim for negligent infliction of emotional distress is valid "only if the defendant has breached some other duty to the plaintiff." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984 (1993). Here, because Plaintiff fails to plead facts sufficient to state a plausible duty owed by Defendant Chotiner to her, her claim for negligent infliction of emotional distress is dismissed without prejudice.

Plaintiff's twelfth claim is for harassment against all Defendants. Plaintiff alleges "Defendant Chotiner's communications with Plaintiff, and the decisions made by Defendant Chotiner regarding how to respond to Plaintiff's concerns and requests were designed to seriously alarm, annoy, intimidate and harass Plaintiff" in violation of California Code of Civil Procedure § 527.6. (FAC ¶¶ 113, 116.) Section 527.6 states in relevant part "'harassment' is unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the plaintiff." Cal. Code Civ. P. § 527.6(b). Plaintiff alleges Defendant Chotiner directed Plaintiff to send correspondence concerning pesticide use to her, urged her to reconsider posting information in the community regarding this issue, requested medical information from Plaintiff, asserted that the medical information provided by Plaintiff was insufficient to show she had a qualified disability, and at times informed Plaintiff she was not authorized to

communicate with her regarding certain record requests.  (FAC ¶¶ 23, 34-35.)  Such allegations fall short of the requirements for pleading a claim of harassment.  Although Plaintiff recites the elements of a harassment claim, she does not allege sufficient facts to state a plausible claim for relief for harassment as to Defendant Chotiner and the claim is therefore dismissed without prejudice.

Plaintiff also states a claim for intentional infliction of emotional distress against all Defendants.  "Under California law, to make out a cause of action for intentional infliction of emotional distress, a plaintiff must show, in relevant part, that the defendant engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society.  Conduct which exhibits mere rudeness and insensitivity does not rise to the level required for a showing of intentional infliction of emotional distress."  *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1158 (9th Cir. 2000)(citations omitted).  Plaintiff alleges "Defendant Chotiner's communications with Plaintiff, and the decisions made by Defendant Chotiner regarding how to respond to Plaintiff's concerns and requests, is conduct so egregious that it establishes an intention by the Defendant Chotiner to cause emotional distress."  (FAC ¶ 127.)  However, Plaintiff's claim for intentional infliction of emotional distress incorporates the allegations set forth in the Complaint supporting her claim for harassment.  These allegations fall short of the extreme and outrageous conduct that must be alleged to state a plausible claim for intentional infliction of emotional distress.  Accordingly, Plaintiff's fourteenth claim as to Defendant Chotiner is dismissed without prejudice.

As discussed above in the context of the anti-SLAPP motion, Plaintiff has sufficiently established that there is a probability she will prevail on her claim for breach of contract.  Accordingly, Defendant's motion to dismiss this claim is denied.

Defendant Chotiner also moves to dismiss Plaintiff's claim for invasion of privacy.  As the Court grants Defendant's anti-SLAPP motion to strike Plaintiff's claim for invasion of privacy, it need not address Defendant's motion to dismiss that claim.[2]

//

---

[2]    Defendant Chotiner also moves to strike Plaintiff's claims for punitive damages, treble damages, and attorneys' fees in the FAC pursuant to Rule 12(b).  In light of the Court's instant disposition of Defendant Chotiner's motion to dismiss the FAC, the motion to strike portions of the FAC is denied as moot.

10cv1091

**C.     Plaintiff's Motion to Strike Portions of Defendants' Answer and Counterclaim**

       **1.     Legal Standard**

Federal Rule of Civil Procedure 12(f) provides "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Matter is "immaterial" where it has "no essential or important relationship to the claim for relief . . . being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)(quoting 5 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1382 (1990)), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). A court may strike a prayer for relief if it seeks damages that are not recoverable as a matter of law. *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007); *Wells v. Board of Trs. of Cal. State Univ.*, 393 F. Supp. 2d 990, 994-95 (N.D. Cal. 2005).

       **2.     Discussion**

As an initial matter, Plaintiff's motion to strike was filed on August 12, 2010–six days after Plaintiff filed the FAC. The HOA Defendants subsequently filed an answer to the FAC on September 13, 2010. Accordingly, Plaintiff's motion to strike portions of Defendants' answer is construed as relating to the HOA Defendants' answer to the FAC.

    Plaintiff moves to strike the first, second, and fifth affirmative defenses in the HOA Defendants' answer to the FAC, as well as paragraphs 17 to 23, paragraphs 36 to 43, and the first prayer for relief in the HOA Defendants' counterclaim. Plaintiff moves to strike the first affirmative defense, which states "[a]pplication of pesticides to the subject common areas performed in compliance with governmentally approved applicable label instructions is not actionable," and the first prayer for relief in the counterclaim, which prays "[f]or a judicial declaration that Defendants are entitled to contract with pest control operators to service the Rancho Dorado common areas with pesticides according to the Label Instructions," as immaterial. However, as the HOA Defendants argue, this defense and prayer for relief are material in light of Plaintiff's allegations concerning the application of pesticides pursuant to their label instructions. Plaintiff alleges in the FAC that the HOA

1    Defendants caused pesticides to be applied in the common areas surrounding her home "in a manner

2    inconsistent with the label(s)" on June 18, 2008 (FAC ¶ 29) and in a manner "inconsistent with these

3    chemical labels" on other occasions. (*Id.* at ¶¶ 30-32.) Plaintiff's sixth claim for relief is for violation

4    of California Business & Professions Code § 17200 and alleges "Defendants have committed acts of

5    unfair competition . . . by engaging in the practice of using pesticides, insecticides, fungicide, and

6    herbicide in a manner inconsistent with their labeling and in violation of the California Food and

7    Agricultural Code." (*Id.* at ¶ 83.) Accordingly, Plaintiff's motion to strike the first defense and the

8    first prayer for relief is denied.

9          Plaintiff also moves to strike paragraphs 17 to 23 and paragraphs 36 to 43 of the HOA

10   Defendants' counterclaim on the basis of immateriality. Plaintiff argues these paragraphs are

11   immaterial because California Government Code § 12984 provides "all matters connected with any

12   conference, conciliation, or persuasion efforts are privileged and may not be received in evidence."

13   Plaintiff also cites to case law regarding the confidentiality of mediation communications. However,

14   Plaintiff has not established that the proceedings before the DFEH in fact constituted a "conference,

15   conciliation, or persuasion efforts" within the meaning of the statute. These paragraphs are material

16   to allegations made by Plaintiff in the FAC and Plaintiff's motion to strike these paragraphs is denied.

17         Finally, Plaintiff moves to strike the second and fifth affirmative defenses for lack of notice.

18   Federal Rule of Civil Procedure 8(b)(1) requires a party responding to a pleading to "state in short and

19   plain terms its defenses to each claim asserted against it." The HOA Defendants' second affirmative

20   defense in their answer to the FAC states "Plaintiff is equitably stopped from pursuing the claims and

21   relief alleged, based on the facts set forth above in this Answer and in defendants' Counter Claim for

22   Declaratory Relief." This is sufficient to provide Plaintiff with fair notice of the defense. The HOA

23   Defendants' fifth affirmative defense states "Plaintiff's alleged injuries and damages, if any, were in

24   whole or in part caused by the conduct of a myriad of other non-party persons and/or entities

25   responsible for the release of chemicals into the environment to which plaintiff and all other members

26   of the public are exposed in the course of normal, daily life." The Court also finds this affirmative

27   defense is sufficient. Accordingly, the Court denies Plaintiff's motion to strike the HOA Defendants'

28   second and fifth affirmative defenses.

**III.**

**CONCLUSION**

For the foregoing reasons, Defendant Chotiner's special motion to strike is granted in part and denied in part, Defendant Chotiner's motion to dismiss and/or strike is granted in part and denied in part, and Plaintiff's motion to strike portions of the HOA Defendants' answer and counterclaim is denied.  Plaintiff may file an amended complaint consistent with this Order on or before January 7, 2011.

**IT IS SO ORDERED.**

DATED:  December 15, 2010

HON. DANA M. SABRAW
United States District Judge

10cv1091