FILED

2011 FEB -7 PM 4:40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karan L. Zopatti, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Rancho Dorado Owners Association, a nonprofit mutual benefit corporation; The Prescott Companies, a California Corporation; and Lori F. Chotiner, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 10CV1091 DMS WVG<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>Complaint Filed: May 19, 2010<br><br>Date:       N/A<br>Time:       N/A<br>Judge:      Dana M. Sabraw<br>Courtroom:  10 |

Upon stipulation by the parties hereto, the Court in the above entitled matter orders as follows:

## PROTECTIVE ORDER

All medical information pertaining to Plaintiff, whether produced by Plaintiff, by another party or non-party, including any medical information provided to Defendants or the Court prior to or during the course of this litigation shall be treated as confidential pursuant to the terms of this Protective Order. Such information is referred to herein as "Confidential Information."

1. Plaintiff, when producing any confidential medical information, documents and electronic media, will designate such by marking those items as "Confidential."

2. Plaintiff has previously provided Defendants with confidential medical information. Those documents are also considered confidential and shall be subject to the terms of this Protective Order.

3. All medical information relating to Plaintiff received by Defendants from anyone other than Plaintiff shall be considered confidential and shall be subject to the terms of this Protective Order.

4. Defendants and counsel for Defendants will not disclose or disseminate the confidential information to any individual or entity except to the Court and to persons representing or assisting the parties in the prosecution or defense of this litigation and shall use such information solely for the purpose of conducting this litigation.

5. Before Defendants' counsel permits any third-party (e.g., expert witnesses) or party they represent in this action to view or inspect any of the confidential information, counsel shall obtain a written agreement from such person that they shall abide by the terms of this Protective Order.

6. Any party wishing to file a document with the Court that discloses Confidential Information shall follow the procedures designated by the Court to file the documents under seal.

7. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity

who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judges staff that an opposition to the application will be filed.

8. Testimony taken at a deposition, conference, hearing or trial containing Confidential Information may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and/or to label such portions appropriately.

9. In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

10. A document produced by Plaintiff that contains confidential information as identified in this stipulated order shall not lose its confidential status solely because it was inadvertently not marked by Plaintiff as confidential, or inadvertently not filed under seal. Plaintiff shall notify all parties within 3 court days after learning of any inadvertent failure to mark or file under seal. Upon notification, the document shall be marked as confidential and subject to this order, and the parties will request that the Court seal the protected document after it has been filed. The parties agree that no hearing dates shall be affected, and no other rights waived as a result of a later designation of material as confidential.

11. Subject to the above, nothing in this Protective Order shall in any way limit the uses that Plaintiff may make of her own confidential material. To the extent Plaintiff elects to disclose publicly confidential material in a court filing (by not filing such under seal), all other parties may do so likewise with the same confidential material filed by Plaintiff.

12. Nothing in this Protective Order shall prevent disclosure of material designated as confidential where said disclosure is required by law. If Defendant is served with a subpoena or otherwise believes it has a duty to disclose material designated as confidential, Defendant shall promptly notify Plaintiff no less than 10 days prior to any such disclosure.

13. This Order is entered into solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Protective Order shall remain in effect until final termination of this action including appeals there from, at which time all confidential documents shall be returned to Plaintiff.

IT IS SO ORDERED.

_____  2/7/11

Magistrate Judge William Gallo