1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   KARAN L. ZOPATTI,                          CASE NO. 10CV1091 DMS (WVG)

12                          Plaintiff,    **ORDER GRANTING IN PART
                                          AND DENYING IN PART
13        vs.                             PLAINTIFF'S MOTION TO RE-
                                          TAX COSTS AND DENYING
14                                        DEFENDANTS' CROSS-MOTION
     RANCHO DORADO HOMEOWNERS             TO RE-TAX COSTS**
15   ASSOCIATION, et al.,

16                         Defendants.

17        This disability discrimination action was filed by a homeowner against a homeowners'

18   association and others claiming she was disabled due to a severe adverse reaction to chemical

19   substances, including pesticides, and that Defendants failed to accommodate her when they continued

20   to use pesticides and other chemicals in the common areas.  Defendants Rancho Dorado Homeowners

21   Association and The Prescott Companies ("Defendants") prevailed after filing summary judgment

22   motions.  They filed a Bill of Costs for $30,893.66 pursuant to Federal Rule of Civil Procedure

23   54(d)(1) and Civil Local Rule 54.1, which Plaintiff opposed to the extent it exceeded $3,021.85.  The

24   Clerk issued an Order Taxing Costs in the amount of $23,622.13.  Pursuant to Rule 54(d)(1) and Civil

25   Local Rule 54.1(h), Plaintiff moved and Defendants cross-moved to re-tax costs.  Both motions are

26   opposed.  Plaintiff argues Defendants were awarded costs which are not authorized by law, and

27   Defendants contend they were denied costs which are authorized. For the reasons which follow,

28   Plaintiff's motion to re-tax costs is **GRANTED IN PART AND DENIED IN PART**.  Defendants'

cross-motion to re-tax costs is **DENIED**.  Defendants are awarded **$13,084.65** in taxable costs pursuant to Rule 54(d)(1).

Taxable costs are taxed by the Clerk rather than the Court.  Fed. R. Civ. Proc. 54(d)(1); Civ. Local Rule 54.1.  "The categories of taxable costs are circumscribed by 28 U.S.C. Section 1920," which "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441-42 (1987); *see also* Civ. Loc. Rule 54.1.  Under Rule 54(d)(1), "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  The rule creates a presumption in favor of awarding taxable costs to a prevailing party, but vests in the district court discretion to refuse to award them.  *The Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 579, 591 (9th Cir. 2000) (*en banc*).

### Copies

Defendants requested $8,318.63 for copies and were awarded the full amount by the Clerk over Plaintiff's objection.  In her motion to re-tax, Plaintiff argues that all but $1,070.40 for photocopy costs should be denied.

As pertinent, Civil Local Rule 54.1(b)(6)(a) allows for taxation of "[t]he cost of copies necessarily obtained for use in the case . . . if one or more of the following criteria are met:  [¶]  (1) copies are provided either to the court or to opposing counsel either by court order, rule or statute.  [¶]  (2) copies were used as court exhibits, either admitted into evidence, or attached to a motion.  [¶]  (3) [t]he fee of an official for certification, or proof regarding nonexistence of a document is taxable."  The rules expressly prohibit taxation of "[t]he cost of copies submitted in lieu of originals because of the convenience of offering counsel or client," "[t]he cost of reproducing copies of motions, pleadings, notices and other routine case papers," and "[t]he cost of copies obtained for counsel's own use."  *Id*. Rule 54.1(b)(6)(b).  The burden of showing that the cost of copies meets the above criteria is on the requesting party:

> The party seeking recovery must present documentary evidence in the form of affidavits describing the documents copied, to whom they were provided, the number of pages copied, and the cost per page, and the use of or intended purpose for the items copied.  If documents were provided only to the party seeking recovery, that party must specify the purpose of acquisition and photocopying of the documents served.  *In the absence of a specific showing, recovery must be denied.*

*Id.* Rule 54.1(b)(6)(c) (emphasis added).

Defendants' affidavits and exhibits do not make the specific showing required by the Local Rules. Accordingly, they have not met their burden of making a specific showing required for taxation of copying costs. This alone is sufficient to deny Defendants' request. *See* Civ. Loc. Rule 54.1(b)(6)(c).

Nevertheless, Plaintiff agrees that the taxable copy costs amount to $1,070.40 for 8,857 pages of documents produced to Plaintiff in discovery and 1,847 pages of documents filed as motion exhibits. Plaintiff used an estimated cost of $.0.10 per copy, which Defendant does not dispute.

Defendants were also required to provide copies of the 1,847 pages of motion exhibits to the Court pursuant to The Electronic Case Filing Administrative Policies and Procedures Manual, Section 2(e). This amounts to $184.70, which Defendants also can recover.

In addition, the Court's record shows that Defendants filed several pleadings under seal[1] and therefore had to provide hard copies to the Court. The total number of those pages is 117, which amounts to $11.70 for copying.

The parties also attended a meeting of counsel pursuant to Civil Local Rule 16.1(f)(4), which required them to exchange trial exhibits. According to Defendants' counsel, he provided copies of Defendants' exhibits to Plaintiff on a CD per Plaintiff's request. (Decl. of Gabe P. Wright in Supp. of Opp'n to Pl.'s Mot. to Re-Tax Costs ("Wright Opp'n Decl.") at 4-5.) Plaintiff does not dispute this. Based on the case management order and defense counsel's declaration, which set forth the approximate date of the meeting, the cost of producing this CD can be roughly estimated from the

---

[1] These pleadings are: (1) Memorandum of Points and Authorities in Support of Defendant Rancho Dorado Homeowners Association's Motion for Partial Summary Judgment, filed May 6, 2011; (2) True and Correct Copy of the Declaration of Scott Mercer, M.D. in Support of Defendant Rancho Dorado Homeowners Association's Motion for Partial Summary Judgment, filed May 6, 2011; (3) Memorandum of Points and Authorities in Support of Defendant The Prescott Companies' Motion for Partial Summary Judgment, filed May 6, 2011; (4) True and Correct Copy of the Declaration of Scott Mercer, M.D. in Support of Defendant The Prescott Companies' Motion for Partial Summary Judgment, filed May 6, 2011; (5) Objections by Rancho Dorado Homeowners Association and The Prescott Companies to Evidence Submitted by Plaintiff in Support of Opposition to Motion for Partial Summary Judgment, filed June 27, 2011; (6) Reply Brief of Rancho Dorado Homeowners Association to Plaintiff's Opposition to Motion for Partial Summary Judgment, filed June 27, 2011; (7) Reply Brief of The Prescott Companies in Support of Motion for Partial Summary Judgment, filed June 27, 2011; and (8) Reply Brief of Rancho Dorado Homeowners Association and The Prescott Companies to Plaintiff's Opposition to Motion to Exclude Expert Testimony and Exhibits, filed June 27, 2011.

exhibits attached to Defendants' Bill of Costs. (*See* Order Granting in Part and Denying in Part Joint Mot. to Extend Dates for Exch. of Experts' Reports and Related Mot. Deadlines, filed Feb. 25, 2011, at 4; Wright Opp'n Decl. at 4-5.) Based on the Bill of Costs, Plaintiff estimated the cost of scanning Defendants' trial exhibits to a CD to be $239.90. Accordingly, this amount shall be included in taxable costs.

Finally, the Court agrees with Defendants that they should recover for copying Plaintiff's medical and other records subpoenaed from third parties. According to Defendants, the charges for on-site copying of those documents were paid to Cal Express (Wright Opp'n Decl. at 4) and can be estimated from Defendants' Bill of Costs (*see* Decl. of Gabe P. Wright in Supp. of Defs' Bill of Costs ("Wright Bill of Costs Decl.") Ex. A-5 to 7 & A-11). Included are charges for certificates of no records, which are expressly recoverable pursuant to Civil Local Rule 54.1(b)(6)(a)(3). These taxable costs amount to $2,474.81.

Beyond that, the Court cannot ascertain from Defendants' affidavits and exhibits whether or to what extent Defendants' remaining copying costs meet the criteria of Civil Local Rule 54.1(b)(6). Accordingly, Plaintiff's motion to re-tax copying costs is granted in part and denied in part. The taxable amount of copying costs is reduced to a total of $3,981.51.

**Depositions**

Defendants requested $22,215.03 for transcripts. In this regard, the Clerk granted in part Plaintiff's objection to the Bill of Costs and awarded Defendants $14,943.50. The Clerk declined to tax costs for expedited and rough deposition transcripts and for the transcript of a motion hearing. In their cross-motion to re-tax costs, Defendants seek to recoup the costs for expedited transcripts and correct an alleged error in calculating the cost of a rough ASCII disc for the deposition of Jan Saltzman. Plaintiff, on the other hand, seeks to reduce the deposition costs taxed by the Clerk to $1,591.45.

Initially Plaintiff argues that to the extent depositions were taken for discovery only, as opposed to trial preparation, the costs should be excluded. "Depositions need not be introduced in evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial, rather than mere discovery." Civ. Loc. R.

10cv1091

54.1(b)(3)(a).  Defendants contend that all deponents, with the exception of Drs. Deborah Donie-Seligson and Scott Carstens, were listed in Plaintiff's pre-trial disclosures as witnesses Plaintiff intended to call at trial.  (Wright Opp'n Decl. at 2.)  Plaintiff identified Dr. Carstens in her disclosures as a physician who would support her medical claims.  (*Id*.)  In her deposition, Plaintiff identified Dr. Donie-Seligson as treating her for emotional distress.  (*Id*.)  Plaintiff claimed damages for emotional distress in her amended complaint.  (*Id*.)  Plaintiff does not dispute this, but nevertheless seeks to exclude costs for Dr. Donie-Seligson's transcript, volume four of Plaintiff's transcript, and transcripts of unspecified other witnesses who were deposed for discovery purposes only.  Based on the reasons presented by Defendants, Plaintiff's argument is rejected.

Next, Plaintiff contends she should not be taxed for depositions of Jan Saltzman, the President of Defendant Rancho San Dorado Homeowners Association, James Reynolds, the contractor in charge of landscaping for the homeowners' association, and Lori Chotiner, the homeowners' association's counsel.  These depositions were noticed and taken by Plaintiff rather than Defendants, and Plaintiff ordered and paid for an original transcript and one certified copy of the transcripts.  (Decl. of Dare DeLano in Supp. of Pl.'s Mot. to Re-Tax Defs' Costs ("DeLano Decl.") at 2.)  Plaintiff had the original of the transcripts sent to defense counsel.  (Reply at 3.)  Defendants do not dispute this, although they assert that they nevertheless ordered transcripts and their counsel questioned Ms. Chotner and Mr. Reynolds.  (Wright Opp'n Decl. at 3.)  The local rules allow for taxing the cost of an original and one copy a deposition transcript.  Civ. Loc. R. 54.1(b)(3)(a).  "Counsel's copies . . . in excess of the original and one copy are not taxable, regardless of which party took the deposition." *Id*.  Because Plaintiff paid for an original and one copy of these transcripts and had the originals sent to Defendants, Plaintiff should not be taxed for the Saltzman, Reynolds and Chotiner depositions.  Accordingly, the deposition costs taxed to Plaintiff shall be reduced by $1,078.45.[2]  (*See* Wright Bill of Costs Decl. Ex. B-35 to B-36.)

---

[2]  The cost of deposing Jan Saltzman is not included in this amount, because, for other reasons, the Clerk did not award any costs associated with it.  (*Cf*. Order Taxing Costs & Wright Bill of Costs Decl. Ex. B-34.)  To the extent Defendants argue in their cross-motion that the Clerk erred in excluding all of the costs for Jan Saltzman's deposition, their argument is moot.

Plaintiff also objects to the taxation of costs for deposing Drs. James Dahlgren and Edward J. Faeder, which appear to be disproportionately high in comparison with other depositions taken in this case. According to the invoices, these depositions cost $3,487 and  $3,658.70, respectively. (Wright Opp'n Decl. Ex. A.) Defendants counter simply that this is what the depositions cost and that they were under no obligation to shop for a less expensive rate. (*Id*. at 2 & Ex. A; Defs' Opp'n at 7-8.) Defendants are not entitled to unreasonable deposition costs, but to "[t]he *reasonable* expenses of the deposition reporter." Civ. Loc. R. 54.1(b)(3)(c) (emphasis added). In contrast to all other depositions, these two depositions stand out as disproportionately expensive. (*Cf.* Wright Bill of Costs Decl. Ex. B.) Because the invoices are not itemized and Defendants provided no explanation for the disproportionate expense, the requested amounts are deemed unreasonable. Moreover, Defendants have provided the Court with no information to determine the reasonable cost of these depositions. The burden of substantiating taxable costs is on the requesting party. Cav. Loc. Rule 54.1(a). Defendants have not met their burden with respect to the depositions of Drs. Dahlgren and Faeder. (*See* Wright Opp'n Decl. at 2.) Plaintiff estimated the reasonable cost of these depositions to be $1,240.09 for Dr. Dahlgren and $783.70 for Dr. Faeder, which this Court adopts. (Decl. of M. Dare DeLano in Supp. of Pl.'s Opp'n to Defs' Bill of Costs at 2 & Ex. 1.) Accordingly, Defendants shall recover a total of $2,023.79 for these depositions. Defendants' objections to Plaintiff's estimate are rejected. (*See* Defs' Opp'n at 5-6.) The taxable costs shall therefore be reduced to reflect the reasonable cost of the depositions. In their cross-motion to re-tax costs, Defendants suggest that the Clerk already excluded these depositions in their entirety. (Defs' Mot. at 4-5.) However, review of

the Order Taxing Costs and Defendants' exhibits in support of their Bill of Costs negates this assertion.[3]  Accordingly, the deposition costs taxed to Plaintiff shall be reduced by $5,121.91.

In their cross-motion to re-tax costs, Defendants argue the Clerk erred in denying their request for taxation of deposition costs to the extent they reflected expedited processing.  The Local Rules of this District do not allow for taxation of costs incurred for expedited processing.  *See* Civ. Loc. Rule 54.1(b)(3).  It is not error for the Court or the Clerk to rely on local rules for taxation of costs, so long as the local rules stay within the confines of 28 U.S.C. Section 1920.  *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175 (9th Cir. 1990).  Neither side suggests that any of the applicable provisions of Civil Local Rule 54.1 authorize taxation of costs beyond the scope of section 1920.  Accordingly,

---

[3]     The Order Taxing Costs states in pertinent part:

All expedited transcripts that show a detail invoice will be reduced and calculated at a rate of $4.25 per page with all other items in the invoice allowed.  Transcripts delivered on an expedited basis without any way to extract the cost of the expedited service are denied in their entirety.  The cost request in the amount of $646.46 itemized for deposition transcript fees for Jan Saltzman . . . are denied . . ..  The cost request . . . for deposition transcript fees for Karan Zopatti, vol. 4 . . . is reduced by $299.00 . . ..  Defendants cost request in the amount of $87.50 itemized for transcript of a motion hearing . . . is denied . . ..

Based on the foregoing, the Clerk taxed $14,943.50 for deposition transcripts out of $22,215.03 requested by Defendants.  The Clerk arrived at the taxed amount by deducting $7,271.53 from $22,215.03 as follows:

| | |
|---|---|
| Expedited service for Karan Zopatti transcript, vol. 1: | $680.00 |
| Expedited service for Karan Zopatti transcript, vol. 2: | 348.50 |
| Expedited service for Karan Zopatti transcript, vol. 3: | 714.00 |
| Expedited service for Dr. Dan Harper transcript: | 513.22 |
| Expedited service for Christopher Zopatti transcript (entire invoice): | 1,688.09 |
| Expedited service for Alan Kaplan, M.D. transcript (entire invoice): | 1,174.29 |
| Expedited service for Scott Carstens, M.D. transcript (entire inv.): | 651.22 |
| Expedited service for Piyush Kumar, M.D. transcript (entire inv.): | 469.25 |
| Jan Saltzman transcript (see Order): | 646.46 |
| Karan Zopatti transcript, vol. 4 (see Order): | 299.00 |
| Motion hearing transcript (see Order): | 87.50 |
| Total | **$7,271.53** |

Accordingly, the Clerk excluded neither Dr. Dahlgren's nor Dr. Faeder's depositions.  The Clerk did not exclude Dr. Dahlgren's transcript, although it should have been excluded pursuant to the terms of the Order Taxing Costs, because the invoice indicates the cost "reflects a 1-day expedited rate." (*See* Wright Bill of Costs Decl. Ex. B-26.)

1  the Clerk did not err by following the local rules in excluding costs for expedited processing.

2  Defendants' argument is therefore rejected.

3        Based on the foregoing, Plaintiff's motion to re-tax costs is **GRANTED IN PART AND**

4  **DENIED IN PART**.  Defendants' cross-motion to re-tax costs is **DENIED**.  Plaintiff's motion to re-

5  tax costs is granted in part, whereby Plaintiff shall pay a total of **$13,084.65** in taxable costs to

6  Defendants as follows:  $3,981.51 for copies, $360 for witness fees, and $8,743.14 for depositions.

7        **IT IS SO ORDERED.**

8

9  DATED:  January 10, 2012

10  _____

11  HON. DANA M. SABRAW
    United States District Judge